STATE OF NORTH CAROLINA v. DON PATRICK ADCOCK

No. 7424SC825

(Filed 4 December 1974)

1. **Homicide § 21— manslaughter — death from pistol shooting — sufficiency of evidence**

    The trial court in a prosecution for manslaughter properly denied defendant's motion for nonsuit where the evidence tended to show that defendant's wife loaded and unloaded a pistol while he cleaned the holster, and defendant took the pistol, thinking it was unloaded, and pulled the trigger, fatally wounding his wife.

2. **Criminal Law § 76— voluntariness of confession — determination for trial court**

    Conflicting testimony concerning voluntariness of defendant's confession presented a question for the trial judge to resolve.

3. **Criminal Law § 86— acts tending to impeach defendant's character — cross-examination proper**

    When a defendant testifies in his own behalf, he may be questioned with respect to specific acts of criminal and degrading conduct and with respect to any act which tends to impeach his character.

ON *certiorari* to review judgment of *Thornburg, Judge,* entered at the 1 April 1974 Session of Superior Court held in WATAUGA County. Certiorari was allowed on 31 July 1974 and the case was argued in the Court of Appeals on 21 November 1974.

Defendant was indicted for the manslaughter of his wife on 3 March 1973. He pleaded not guilty, the jury returned a verdict of guilty of involuntary manslaughter, and from judgment imposing prison sentence of four years, defendant appeals.

*Attorney General James H. Carson, Jr., by Assistant Attorneys General William W. Melvin and William B. Ray, for the State.*

*Stacy C. Eggers, Jr., by Stacy C. Eggers III, for the defendant appellant.*

BRITT, Judge.

[1] Defendant contends the court erred in denying his motion for judgment as of nonsuit. The evidence, considered in the light most favorable to the State, tended to show:

On the night of 2 March 1973, at approximately 11:30 p.m., defendant and his wife, Betty, were at home and defendant

State v. Adcock

decided to work on his gun holster. As defendant worked on his holster, Betty had the gun (a .22 caliber pistol) and was loading and unloading it. Betty heard a noise in the baby's room and went to see about the baby. When she returned, defendant asked her if she left the shells in the bedroom, and she said, "Yes." Betty then sat down on the couch, which was under and somewhat to one side of a window. Defendant, thinking the gun was unloaded, pointed it in the direction of her face and snapped it. The gun discharged and the bullet entered Betty's left cheek, immediately beneath her eye; she died as a result of the wound.

In *State v. Foust,* 258 N.C. 453, 459, 128 S.E. 2d 889 (1963), we find:

> It seems that, with few exceptions, it may be said that every unintentional killing of a human being proximately caused by a wanton or reckless use of firearms, in the absence of intent to discharge the weapon, or in the belief that it is not loaded, and under circumstances not evidencing a heart devoid of a sense of social duty, is involuntary manslaughter. (Citations omitted.)

We hold that the evidence was sufficient to support a verdict of involuntary manslaughter, therefore, the motion for nonsuit was properly denied.

[2]    Defendant contends that the trial judge erred in his findings of fact, following a voir dire examination, that a confession by defendant was voluntary. In *State v. Barnes,* 264 N.C. 517, 521, 142 S.E. 2d 344 (1965), our Supreme Court said:

> In the establishment of a factual background by which to determine whether a confession meets the tests of admissibility, the trial court must make the findings of fact. When the facts so found are supported by competent evidence, they are conclusive on appellate courts, both State and Federal. (Citing *Watts v. Indiana,* 338 U.S. 49 and other cases). Of course, the conclusions of law to be drawn from the facts found are not binding on the reviewing courts. In *Watts,* the principle is stated concisely: " (I)n all the cases which have come here . . . from the courts of the various states in which it was claimed that the admission of coerced confessions vitiated convictions for murder, *there has been complete agreement that any conflict in testimony as to what actually led to a contested confession*

*is not this Court's concern. Such conflict comes here authoritatively resolved by the State's adjudication."* A statement, to be voluntary, of course, need not be volunteered. (Emphasis added.)

In this case there was competent evidence to support the trial judge's findings of fact. While the testimony was conflicting, that presented a question for the trial judge to resolve. We hold that the contention is without merit.

[3] Defendant contends that certain questions propounded to defendant on cross-examination were improper. We disagree. In *State v. Foster,* 284 N.C. 259, 275, 200 S.E. 2d 782 (1973), the court stated the applicable rule as follows:

> When a defendant elects to testify in his own behalf, he surrenders his privilege against self-incrimination and knows he will be subject to impeachment by questions relating to specific acts of criminal and degrading conduct. Such "cross-examination for the purpose of impeachment is not limited to conviction of crimes. *Any act of the witness which tends to impeach his character may be inquired about or proven by cross-examination."* (Citation omitted.) (Emphasis added.)

We hold that the questions propounded were not improper.

We have carefully considered the other contentions argued in defendant's brief but find them also to be without merit.

No error.

Judges HEDRICK and MARTIN concur.